UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTA BONILLA,<br><br>                        Plaintiff,<br><br>    v.<br><br>ADELA CARRANZA and TONIE SINGH,<br>d/b/a KHELSEA'S PIZZA<br><br>                        Defendants. | Case No. |

## **COMPLAINT**

### INTRODUCTION

1. Plaintiff Marta Bonilla ("Plaintiff" or "Ms. Bonilla") brings this action to recover overtime pay and minimum wages for work that she performed for Defendants, Adela Carranza and Tonie Singh (respectively referred hereinafter as "Ms. Carranza" and "Mr. Singh"). Ms. Carranza and Mr. Singh own and operate a restaurant under the trade name "Khelsea's Pizza" (hereinafter "Khelsea's") which is located at 158 Washington Avenue in Chelsea.

2. Ms. Bonilla worked for Defendants between approximately 2008 and November 7, 2020. Throughout this time period, Defendants regularly and deliberately failed to pay Ms. Bonilla "time-and-a-half" for overtime hours worked, failed to pay her at least the minimum wage as required by law, and failed to compensate her for all working time.

3. From the start of her employment until March 2020, when the restaurant briefly closed due to the COVID-19 pandemic, Ms. Bonilla regularly worked approximately 42 hours per week

throughout her employment. Defendants never paid Ms. Bonilla overtime pay for hours worked over 40 per week.

4. Further, during much of her employment, Ms. Bonilla's regular pay fell below the then-applicable Massachusetts minimum wage.

5. Finally, Ms. Bonilla regularly worked small increments of time at the end of shifts without that extra time being compensated.

6. As a result, Ms. Bonilla brings this action seeking her unpaid wages under 29 U.S.C. §§ 201 *et seq.,* the Fair Labor Standards Act (FLSA); M.G.L. c. 149, § 148, the Massachusetts Wage Act; M.G.L. c. 151, §§ 1, 20, the Massachusetts Minimum Wage Act; and other related state and federal laws, rules, and regulations.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 29 U.S.C. § 216(b); 28 U.S.C. §1331; and 28 U.S.C. § 1367.

8. Defendants are subject to personal jurisdiction because they operate a business in, and, upon information and belief, reside in Massachusetts. Further, the conduct giving rise to this Complaint occurred in Massachusetts.

9. Venue in this District is proper under 28 U.S.C. § 1391 because the Plaintiff Marta Bonilla is an individual residing in Chelsea, Massachusetts, the Defendants have their principal place of business or residences within Massachusetts, and the conduct giving rise to this Complaint occurred in Massachusetts.

## PARTIES

10. Plaintiff Marta Bonilla is an adult resident of Chelsea, Massachusetts. She worked for Defendants from approximately 2008 to November 7, 2020.

11. Khelsea's is not an incorporated entity, but rather is a trade name (or "d/b/a name") utilized for the restaurant that is co-owned and co-operated by Defendants Adela Carranza and Tonie Singh. Its principal place of business is, and was from the commencement of Ms. Bonilla's employment, located at 158 Washington Ave, Chelsea MA 02150. A copy of the most recent business certificate on file for Khelsea's with the City of Chelsea is attached hereto as *Exhibit A*.

12. Defendants Adela Carranza and Tonie Singh are adult residents of Chelsea, Massachusetts.

    a. Throughout Ms. Bonilla's employment, Ms. Carranza and Mr. Singh hired, fired and supervised employees; have engaged in setting the particular hours of work, the rates and method of compensation, and the policies regarding pay; and their actions concerning pay policies affected the amounts of compensation received by employees. As such, they have actively managed, supervised, and directed the day-to-day business affairs and operations of Khelsea's.

    b. Ms. Carranza and Mr. Singh have acted directly and indirectly in the interest of Khelsea's in relation to its employees, and therefore are and have been an employer of said employees within the meaning of the Fair Labor Standards Act and the Massachusetts Minimum Wage Act.

## FACTUAL ALLEGATIONS

13. Ms. Bonilla worked at Khelsea's starting in approximately 2008. She was employed until approximately November 7, 2020.

14. Ms. Bonilla worked in food preparation for the entirety of her employment.

15. During Ms. Bonilla's employment at Khelsea's, the business employed approximately twelve workers, including Ms. Bonilla.

16. Upon information and belief, during Ms. Bonilla's employment, Khelsea's maintained annual gross sales of at least $500,000.

17. Upon information and belief, in the course of their employment, at least two Khelsea's employees, including Ms. Bonilla, handled, sold, and worked on goods or materials produced for or moved in interstate commerce.

18. Throughout her employment, Ms. Bonilla was paid weekly, entirely in cash.  She was never provided a pay slip, pay stub, or other document that spelled out how her compensation was calculated.

19. When Ms. Bonilla started working for Defendants in 2008, she was paid $8 per hour. Her wage stayed at this level for several years before she got a raise to $9/hour.

20. Although the Massachusetts minimum wage increased to $10/hour effective January 1, 2016, Ms. Bonilla did not receive a commensurate pay increase at this time but instead continued to be paid at $9/hour.

21. Ms. Bonilla got a raise to $10/hour in late 2018, and her hourly wage remained $10/hour until her employment ended on or about November 7, 2020.

22. The Massachusetts minimum wage was $11/hour from January 1, 2017 until January 1, 2019.

23. From January 1, 2019 until January 1, 2020, the Massachusetts minimum wage was $12/hour.

24. From January 1, 2020 through the end of Ms. Bonilla's employment, the Massachusetts minimum wage was $12.75/hour.

25. From the beginning of her employment through approximately mid-March 2020, Ms. Bonilla regularly worked seven days a week (her only off days were Thanksgiving, Christmas, and her birthday) on the following schedule: Monday through Thursday, 6PM-11PM; Friday and Saturday, 5PM-12AM; Sunday, 3PM-11PM.

26. After the onset of the COVID-19 pandemic, Khelsea's closed for several weeks due to a staff member along with family members of other employees getting sick. When it reopened, Ms. Bonilla worked a reduced schedule—six days per week (Tuesday-Sunday), five hours per day.

27. Ms. Bonilla was not generally permitted to take breaks during her shifts.

28. Although during the last few years of her employment, Defendants established a system for recording and tracking employee working hours on a computer, it was almost never used. In general, Ms. Bonilla never was required to prepare, nor did she receive, documentation of her working hours and how her compensation was calculated. She only was aware that she received her entire agreed-upon weekly compensation because her schedule (and thus the amount of her weekly compensation) was fixed for virtually every week she worked.

29. When Ms. Bonilla was required to work past the scheduled end of her shift in order to help close up her station at the end of a shift—which generally happened a couple of times per

week for 5-10 minutes, especially on weekends—this additional time was neither recorded nor added to her compensation.

30. When Ms. Bonilla worked overtime hours—which she generally did, for two hours each week, from 2008 through approximately March 2020—Defendants did not pay Ms. Bonilla an overtime premium for the hours she worked in excess of 40 each week.

31. Throughout Ms. Bonilla's employment by Defendants, Defendants actively concealed from Ms. Bonilla her statutory rights to minimum wage and overtime pay by:

    a. Paying Ms. Bonilla in methods that obscures how her weekly gross wages were calculated, including by paying her in cash and failing to provide a pay slip, check stub or envelope showing **all** of the following information: the name of the employer, the name of the employee, the day, month, year, number of hours worked, hourly rate, and the amounts of deductions or increases made for the pay period.

    b. Failing, for the duration of Ms. Bonilla's employment, to conspicuously post any notice of the FLSA's overtime provisions, as required by 29 C.F.R. § 516.4.

    c. Failing, for the duration of Ms. Bonilla's employment, to post any notices of the Massachusetts wage and hour laws, as required by M.G.L. c. 151 § 16 and 454 CMR 27.07(1).

32. Ms. Bonilla's employment with Khelsea's ended on or about November 7, 2020.

33. On October 5, 2021, Ms. Bonilla received a Private Right of Action (PRA) letter respecting her Wage Act claims from the Massachusetts Attorney General's Office (AGO).

## CLAIMS FOR RELIEF

### COUNT ONE: UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

34. Ms. Bonilla incorporates by reference the allegations in ¶¶ 1-33 as if fully set forth herein.

35. Defendants violated 29 U.S.C. § 207(a) by failing to pay Ms. Bonilla overtime compensation at one-and-a-half times her regular hourly rate for hours worked in excess of 40 hours per week.

36. Defendants' violations of 29 U.S.C. § 207(a) were repeated, willful, and intentional.

37. Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendants are liable to Ms. Bonilla for the full amount of her unpaid overtime compensation, in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Ms. Bonilla in bringing this action.

### COUNT TWO: FAILURE TO PAY MINIMUM WAGE UNDER MASSACHUSETTS MINIMUM WAGE ACT

38. Ms. Bonilla incorporates by reference the allegations in ¶¶ 1-33 as if fully set forth herein.

39. Pursuant to M.G.L. c. 151, § 1, employees in Massachusetts were required to be paid a minimum wage of $10 per hour during the year 2016, $11.00 per hour during the year 2017, $12.00 per hour during the year 2019, and $12.75/hour during the year 2020.

40. From 2016 through the end of Ms. Bonilla's employment, Defendants violated the Massachusetts Minimum Wage Act because they paid Ms. Bonilla at an hourly rate lower than the applicable minimum wage.

41. Pursuant to M.G.L. c. 151, § 20, Defendants are liable to Ms. Bonilla for the full amount of the minimum wages owed, in an amount to be determined at trial, plus mandatory treble damages, costs, interest, and attorneys' fees.

### COUNT THREE:  UNPAID WAGES IN VIOLATION OF THE MASSACHUSETTS WAGE ACT

42. Ms. Bonilla incorporates by reference the allegations in ¶¶ 1-33 as if fully set forth herein.

43. Under the FLSA, Ms. Bonilla was entitled to overtime wages for any weekly hours worked on behalf of Defendants in excess of 40 hours per week.

44. Ms. Bonilla regularly worked approximately 42 hours per week for Defendants when employed by them and "earned" overtime wages under the FLSA.

45. Pursuant to M.G.L. c. 151, § 1, employees in Massachusetts were required to be paid a minimum wage of $10 per hour during the year 2016, $11.00 per hour during the year 2017, $12.00 per hour during the year 2019, and $12.75/hour during the year 2020.

46. Ms. Bonilla "earned" wages equal to at least the minimum wage when she worked for Defendants, but was not compensated at the applicable minimum wage from 2016 through the end of her employment.

47. In addition, Ms. Bonilla regularly worked small increments of time at the end of her shifts for which she was not compensated.

48. Thus, Defendants failed to timely and fully pay Ms. Bonilla for all hours worked, and owe her:

   a. Wages reflecting the full amount of her unpaid overtime;

    b. Wages reflecting the difference between what Defendants paid Ms. Bonilla and the minimum wage in Massachusetts; and

    c. Wages reflecting the value of any uncompensated working time computed at the applicable minimum wage and including any applicable overtime premium.

49. Thus, pursuant to M.G.L. c. 149 §§ 148, 150, Defendants are liable to Defendants are liable to Ms. Bonilla for damages for unpaid wages in an amount to be determined as trial, plus mandatory treble damages, costs, interest, and attorney's fees.

### PRAYER FOR RELIEF

The Plaintiff, Marta Bonilla, respectfully requests that judgment be entered against the Defendants as follows:

A. As to Count One, an order requiring Defendants to pay Ms. Bonilla the compensation owed to her under federal law for unpaid overtime wages, doubled pursuant to 29 U.S.C. § 216;

B. As to Count Two, an order requiring Defendants to pay Ms. Bonilla the compensation owed to her under Massachusetts law for minimum wages, trebled pursuant to M.G.L. c. 151, § 20;

C. As to Count Three, an order requiring Defendants to pay Ms. Bonilla all compensation she was not timely paid in violation of M.G.L. c. 149 § 148, trebled pursuant M.G.L. c. 149 § 150;

D. As to all counts, an order equitably tolling all statute(s) of limitations;

E.  As to all counts, an order requiring Defendants to pay Ms. Bonilla's costs, interest accrued from today's date through the date of judgment, and reasonable attorney's fees; and

F.  Any other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.


Respectfully Submitted,

PLAINTIFF,
MARTA BONILLA

By her attorney,

/s/ Joseph Michalakes
Joseph Michalakes, BBO #696740
Greater Boston Legal Services
197 Friend St
Boston, MA 02114
(617) 603-1540
jmichalakes@gbls.org

Dated: October 19, 2021